1
2
3
4
5

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8

9

10 Travis Donovan Hiland,                    No. CV-13-08110-PCT-PGR

11                        Petitioner,        **ORDER**

12 v.

13 Charles L. Ryan, et al.,

14                        Respondents.

15

16          Hiland is an Arizona state prisoner who was convicted pursuant to a guilty plea of

17 theft, in violation of A.R.S. § 13-1802, and fraud schemes, in violation of A.R.S. § 13-

18 2310.  The state trial court imposed a sentence of nine years of imprisonment for the theft

19 conviction, and a consecutive sentence of seven years of probation for the fraud schemes

20 conviction.  Hiland filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

21 by a Person in State Custody in which he challenges his conviction and sentence.  The

22 Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 29)

23 recommending that the Petition be denied.  Hiland has filed objections to the R&R (Doc.

24 32).  For the reasons set forth below, the Court will over rule Hiland's objections, will

25 adopt in part the R&R, and will deny the Petition.

26 A.      Ground Two

27          In Ground Two of his Petition, Hiland argues that "he was convicted on the basis

28 of a guilty plea that was the product of ineffective assistance of counsel."  (Doc. 1 at 7,

15-16.)  Hiland does not deny that he has procedurally defaulted Ground Two because he failed to raise it in his PCR proceeding, but objects to the R&R's conclusions that he has failed to show cause and prejudice to overcome his procedural default.  (Doc. 32 at 2-6.)

Under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), "a procedural default by state PCR counsel in failing to raise trial-counsel IAC is excused if there is 'cause' for the default." *Dietrich v. Ryan*, 740 F.3d 1237, 1244 (9th Cir. 2013).  To demonstrate such "cause," a petitioner must show, among other things, that the trial counsel IAC claim is a "substantial" claim. *Martinez*, 132 S. Ct. at 1318-19.  Hiland contends that he met this requirement.  He contends that his trial counsel IAC claim is "substantial" because his trial counsel advised him to enter a guilty plea to both theft and fraud schemes even though a conviction and sentence on both of these offenses violates the Double Jeopardy Clause.  (Doc. 32 at 3.)

The Double Jeopardy Clause protects "an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Missouri v. Hunter*, 459 U.S. 359, 365 (1983) (quotation marks and citations omitted).  Because Hiland was convicted of both of the offenses in a single proceeding, his "right to be free from multiple trials for the same offense" is not implicated. *Id.*  Rather, at issue is the imposition of cumulative sentences in a single proceeding.

"With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366.  Thus, "where the offenses are the same . . . cumulative sentences are not permitted unless elsewhere specially authorized by" the legislature. *Whalen v. United States*, 445 U.S. 684, 693 (1980).  Where the legislature intended "to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Albernaz v. United States*, 450 U.S. 333, 344 (1981).

The Arizona legislature has provided notice of its intent to allow multiple punishments for the same act. *See* A.R.S. § 13-116 ("An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.")  Assuming that theft and

fraud schemes are the "same" for double jeopardy purposes,[1] imposition of cumulative sentences in the same trial is authorized by the legislature and does not, therefore, violate the Double Jeopardy Clause.  Accordingly, Hiland's claim – that his trial counsel was ineffective because he advised Hiland to enter guilty pleas that violated Hiland's rights under the Double Jeopardy Clause – is not a "substantial" claim, and Hiland has failed to meet his burden of demonstrating cause for his procedural default of Ground Two. Ground Two is therefore dismissed.

B.    Ground Five

In Ground Five of his Petition, Hiland contends that the trial court's imposition of consecutive sentences for his convictions for theft and fraud schemes violates the Double Jeopardy Clause.  (Doc. 1 at 19-20.)  He objects to the R&R's recommendation to dismiss Ground Five as unreviewable in habeas.  He contends that Ground Five is reviewable in habeas because the state court's decision to impose consecutive sentences involves "an unreasonable determination of the facts and an unreasonable application of clearly established federal law."  (Doc. 32 at 13.)

In determining that the sentences for theft and fraud schemes could be run consecutively rather than concurrently under state law, the sentencing judge determined:

> The misrepresentations of the information [for the fraud] is different than the theft of the items that are taken, . . . the crux of a fraud case is the misrepresentation.  The crux of the theft case is actually the taking. . . .
> . . . . I looked at the *State versus Gordon* analysis . . . [and an unpublished case from toward the end of 2008]. . . .  [T]he theory of it is equally applicable here as it was in that particular case, distinguishing between the offense of fraudulent schemes and artifices and a theft count.  And it is true that the shared characteristic of that is victims of the theft count may also be victims of the fraud count.  But that case law supports consecutive sentencing.

(Doc. 16-5 at 140-141.)  Thus, the sentencing judge determined that "these are not the same elements and that consecutive sentencing is available to the Court."  (*Id.* at 159.)

---

[1] The Court disagrees with and thus does not adopt the portion of the R&R that analyzes whether theft and fraud schemes are the "same" offenses for double jeopardy purposes in relation to Ground Two.  (*See* Doc. 29 at 23-24.)

The state PCR court interpreted the sentencing judge as finding that "each of the Defendants knowingly obtained a benefit by misrepresenting that they had actual investments for the victims to invest in and that those investments would result in a benefit to the victims.  The Defendants *then* received money from the victims and kept that money for their own gain."  (Doc. 15-3 at 10 (citing Doc. 16-5 at 140-141.)  The PCR court thus rejected Hiland's challenge to the consecutive sentences, finding that the fraud schemes and theft were separate acts, and that, accordingly, consecutive sentences were authorized under A.R.S. § 13-116 and *State v. Gordon*, 778 P.2d 1204 (Ariz. 1989). (*See* Doc. 15-3 at 10.)

A review of the indictment, which is the basis of the convictions for theft and fraud schemes, indicates that this decision by the state court may be based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[2]  However, the mere fact that a state court made an unreasonable determination of facts does not provide a basis for this Court to grant habeas relief. Rather, "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).  Thus, a state court's unreasonable determination of facts applied to *state* law, and that may result in a violation of *state* law, does not provide an avenue for relief in habeas.  *Id.* at 5-6; *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("'federal habeas corpus relief does not lie for errors of state law'" (citation omitted)).

Hiland contends that federal law was violated here, citing the Double Jeopardy Clause.  However, as discussed previously in relation to Ground Two, the imposition of

---

[2] The indictment, which is the basis for Hiland's guilty plea, charges Hiland with committing a violation of the fraud schemes statute by engaging in the following conduct:  "[P]ursuant to a scheme or artifice to defraud, [he] knowingly obtained a benefit of approximately $1,658,849.71 by means of false or fraudulent pretenses, misrepresentations, promises or material omissions."  (Doc. 15-1 at 4.)  Thus, the "benefit" to which Hiland pled guilty on the fraud schemes charge was the $1,658,849.71 in funds, *not* the "benefit" of having the victims believe or trust in the value of the investments, as found by the state court.

- 4 -

sentences in the same proceeding for both theft and fraud schemes does not violate the Double Jeopardy Clause because state law allows imposition of cumulative sentences.[3] Further, the determination of whether consecutive cumulative sentences, as opposed to concurrent cumulative sentences, can be imposed is a question of state law, not federal law.  *See* A.R.S. § 13-116; *State v. Gordon*, 778 P.2d 1204, 1211 (Ariz. 1989).  Thus, in Ground Five, Hiland is actually challenging the state court's application of what may be an unreasonable determination of facts to state law, and in particular to A.R.S. § 13-116 and *Gordon*.  This challenge is not cognizable in habeas.  *See Wilson*, 562 U.S. at 5-6. Ground Five is therefore dismissed.

C.      Ground One

In Ground One of his petition, Hiland contends that his guilty plea was not knowing, intelligent, and voluntary.  (Doc. 1 at 14-15.)   The R&R concludes that Hiland's challenge to his guilty plea lacks merit because Hiland cannot show that the state court's rejection of his claim was based on an unreasonable determination of the facts or that it was contrary to, or an unreasonable application of, established federal law. (Doc. 29 at 38-42.)   Hiland raises a general objection to the R&R's conclusion and recommendation that Ground One be dismissed, but does not raise any specific objection, relying instead on the argument he "set forth in his Traverse in relation to this ground." (Doc. 32 at 7-8.)

The Court has reviewed the entire record and Hiland's objection, and overrules the objection.  The Court agrees with the R&R that Hiland has not demonstrated that his guilty plea was involuntary or that there was a Due Process violation.  The Court further finds that the record refutes Hiland's factual allegations and demonstrates that those allegations are not credible.   The Court adopts the R&R's findings, analysis, and conclusion on this issue.  (*See* Doc. 29 at 38-42.)  Ground One is therefore dismissed.

---

[3] The Court disagrees with and thus does not adopt the portion of the R&R that analyzes whether theft and fraud schemes are the "same" offenses for double jeopardy purposes in relation to Ground Five.  (*See* Doc. 29 at 55-56.)

D.      Ground Four

In Ground Four of his petition, Hiland contends that he did not receive a fair hearing or a fair sentence due to the bias and prejudice of the trial court judge, and that this violated his rights under the Sixth and Fourteenth Amendments.  (Doc. 1 at 17-19.) The R&R concludes that Hiland's claim that the trial judge was biased and prejudiced lacks merit because Hiland cannot show that the state court's rejection of this claim was based on an unreasonable determination of the facts or that it was contrary to, or an unreasonable application of, established federal law.  (Doc. 29 at 42-46.)  Hiland raises a general objection to the R&R's conclusion and recommendation that Ground Four be dismissed, but does not raise any specific objection, relying instead on the argument he "set forth in his Traverse in relation to this ground."  (Doc. 32 at 8-9.)

The Court has reviewed the entire record and Hiland's objection, and overrules the objection.  The Court agrees with the R&R that Hiland has not demonstrated that the state court's resolution of this claim was based on an unreasonable determination of facts, or that it was contrary to, or an unreasonable application of, clearly established federal law. The Court adopts the R&R's findings, analysis, and conclusion on this issue.  (*See* Doc. 29 at 42-46.)  Ground Four is therefore dismissed.

E.      Ground Three

In Ground Three of his petition, Hiland contends that he did not receive fair hearings and a fair sentence due to prosecutorial misconduct, and that this violated his rights under the Fifth, Sixth, and Fourteenth Amendments.  (Doc. 1 at 16-17.)  The R&R concludes that Hiland did not establish a due process violation based on the alleged instances of prosecutorial misconduct, and that the prosecutorial misconduct claim lacks merit because Hiland cannot show that the state court's rejection of his claims of prosecutorial misconduct, individually or cumulatively, was based on an unreasonable determination of the facts or that it was contrary to, or an unreasonable application of, established federal law.  (Doc. 29 at 46-52.)  Hiland raises a general objection to the R&R's conclusion and recommendation that Ground Three be dismissed, but does not raise any specific objection, relying instead on the argument he "set forth in his Traverse

1

in relation to this ground." (Doc. 32 at 9-11.)

2

      The Court has reviewed the entire record and Hiland's objection, and overrules the

3

objection.  The Court agrees with the R&R that Hiland has not established a due process

4

violation based on the alleged instances of prosecutorial misconduct, and that the

5

prosecutorial misconduct claim lacks merit because Hiland cannot show that the state

6

court's rejection of his claims of prosecutorial misconduct, individually or cumulatively,

7

was based on an unreasonable determination of the facts or that it was contrary to, or an

8

unreasonable application of, established federal law.  The Court adopts the R&R's

9

findings, analysis, and conclusion on this issue. (*See* Doc. 29 at 46-61.)  Ground Three is

10

therefore dismissed.

11

F.     <u>Ground Six</u>

12

      In Ground Six of his petition, Hiland contends that the trail court improperly

13

considered aggravating and mitigating factors and thereby violated the protections

14

provided by the Fifth, Sixth, and Fourteenth Amendments. (Doc. 1 at 20-21.)  The R&R

15

concludes that the sentencing court considered Hiland's role in the offenses and his

16

argument that the money that he did receive was only a salary and did not constitute a

17

pecuniary gain; that the record did not support Hiland's contention that the imposition of

18

the sentences violated his due process rights; and that Hiland had not demonstrated that

19

the state court's rejection of his sentencing claims was based on an unreasonable

20

determination of the facts or that it was contrary to, or an unreasonable application of,

21

clearly established federal law. (Doc. 29 at 57-59.)  Hiland raises a general objection to

22

the R&R's conclusion and recommendation that Ground Six be dismissed, but does not

23

raise any specific objection, relying instead on the argument he "set forth in his Traverse

24

in relation to this ground." (Doc. 32 at 14.)

25

      The Court has reviewed the entire record and Hiland's objection, and overrules the

26

objection.  The Court agrees with the R&R that Hiland has not established a due process

27

violation based on the imposition of the sentences; that the record reflects that the

28

sentencing court considered Hiland's role in the offenses and his argument that the

money that he did receive was only a salary and did not constitute a pecuniary gain; and

1   that Hiland did not demonstrate that the state court's rejection of his sentencing claims
2   was based on an unreasonable determination of the facts or that it was contrary to, or an
3   unreasonable application of, clearly established federal law.  The Court adopts the R&R's
4   findings, analysis, and conclusion on this issue.  (*See* Doc. 29 at 57-61.)  Ground Six is
5   therefore dismissed.

6   G.    Request for Evidentiary Hearing

7           In his petition, Hiland requests an evidentiary hearing.  (Doc. 1 at 13.)  The R&R
8   recommends denying an evidentiary hearing.  (Doc. 29 at 59-60.)  Hiland objects to the
9   recommendation, contending that he is entitled to an evidentiary hearing because he has
10  presented "meritorious claims" and exercised reasonable diligence in developing a factual
11  record in state court.  (Doc. 32 at 14-15.)

12          "In deciding whether to grant an evidentiary hearing, a federal court must consider
13  whether such a hearing could enable an applicant to prove the petition's factual
14  allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v.*
15  *Landrigan,* 550 U.S. 465, 474 (2007) (citation omitted).  "Because the deferential
16  standards prescribed by § 2254 control whether to grant habeas relief, a federal court
17  must take into account those standards in deciding whether an evidentiary hearing is
18  appropriate."  *Id.* (citations omitted).  Moreover, "if the record refutes the applicant's
19  factual allegations or otherwise precludes habeas relief, a district court is not required to
20  hold an evidentiary hearing."  *Id.*

21          Here, the record precludes habeas relief on Grounds Two and Five, for the reasons
22  discussed above.  As to Ground One, challenging the voluntariness of Hiland's guilty
23  plea, the record refutes Hiland's factual allegations and demonstrates that those
24  allegations are not credible.  (*See* Doc. 20 at 38-42.)  Further, the Court finds that Hiland
25  has not made a colorable claim and that his factual allegations are refuted by the record as
26  to Ground Four, claiming that the trial court judge was biased and prejudiced; Ground
27  Three, claiming prosecutorial misconduct; and Ground Six, claiming the trial court
28  improperly considered aggravating and mitigating factors.  (*See* Doc. 29 at 42-52, 57-59.)
    Accordingly, Hiland is not entitled to an evidentiary hearing.  *See Landrigan*, 550 U.S. at

474.

## Conclusion

The Court will deny Hiland's petition because the claims in his petition either lack merit or are procedurally defaulted and barred from review and are therefore dismissed. Further, because the record precludes habeas relief as to Grounds Two and Five; and the record refutes Hiland's factual allegations and/or Hiland has not made a colorable claim as to Grounds One, Three, Four, and Six, he is not entitled to an evidentiary hearing. Accordingly,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 29) is accepted and adopted to the extent set forth herein.

IT IS FURTHER ORDERED that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED and that this action is DISMISSED.  The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued and that the petitioner is not entitled to appeal *in forma pauperis* because dismissal is justified by a plain procedural bar, and reasonable jurists would not find the ruling debatable; or the petitioner has not made a substantial showing of the denial of a constitutional right in that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his constitutional claims to be debatable or wrong.

Dated this 28th day of June, 2015.


Paul G. Rosenblatt
United States District Judge